923 F.2d 850
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
David Garfield STEWART, Defendant-Appellant.
 No. 90-5476.
 United States Court of Appeals, Fourth Circuit.
 Argued Dec. 6, 1990.
Decided Jan. 17, 1991.
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria. T.S. Ellis, III, District Judge. (CR-90-23-A)
 Edward Blair Brown, Brown, Hopkins & Stambaugh, Alexandria, Va., for appellant.
 Gordon Dean Kromberg, Special Assistant United States Attorney, Alexandria, Va., (argued) for appellee; Henry E. Hudson, United States Attorney, Alexandria, Virginia, on brief.
 E.D. Va.
 AFFIRMED.
 Before SPROUSE and WILKINS, Circuit Judges, and TILLEY, United States District Judge for the Middle District of North Carolina, sitting by designation.
 PER CURIAM:
 
 
 1
 David Garfield Stewart appeals the district court's denial of his motion to suppress evidence. Pursuant to a plea agreement, Stewart pled guilty to possession with intent to distribute 50 grams or more of cocaine base ("crack") in violation of 21 U.S.C. Sec. 841(b)(1)(A)(ii), and reversed the right to appeal the adverse ruling on the motion to suppress. We affirm.
 
 
 2
 Stewart was apprehended at the Washington National Airport after he had deplaned from a commercial aircraft and was in a taxicab which was in the process of pulling away from the curb. An officer assigned to the Drug Enforcement Administration (DEA) Mass Transportation Unit (hereinafter "agent") displayed his credentials to the taxicab driver, then signalled him to stop. In the course of a consensual search, the agent found cocaine on Stewart's person. During a search following Stewart's arrest, the agent discovered crack cocaine in Stewart's possession.
 
 
 3
 Testimony at the suppression hearing disclosed that a veteran DEA agent, accompanied by two other agents, observed Stewart exit a commercial flight from New York City, described as a known source city for narcotics entering the District of Columbia area. The agent observed that the man "looked rather strange" and intentionally avoided eye contact with the agent. In view of this and the "trance-like" manner in which the suspect was walking, the three agents followed him through the main course of the airport. Stewart, noticing the agents, began acting nervously. The agent also noted that Stewart by-passed the baggage claim area and had no luggage. When Stewart continued his nervous behavior, the agent started to approach him. At that time, Stewart entered the line for taxis, passing those in line, and entered a taxi. As the agent approached and displayed his credentials to the driver, the vehicle, which had moved approximately one foot, stopped. Stewart exited the taxi and voluntarily consented to speak with the agent. Upon questioning, Stewart provided a fictitious name, stated that he was from New York, was visiting a relative in Maryland, and planned to visit for four or five days. When asked why he had no luggage, Stewart responded that he had clothes at his relative's house. The agent identified himself and explained his mission, whereupon Stewart denied that he was carrying illegal narcotics. Stewart consented to a search and the agent found an airline ticket in another fictitious name. He then found a white powdery substance, placed Stewart under arrest and walked him to the airport police station. Further search revealed large wafers which were later determined to contain crack cocaine.
 
 
 4
 On appeal, Stewart contends that he was seized without probable cause in violation of the fourth amendment when the DEA agent stopped the taxicab. The initial encounter did not constitute a seizure, see United States v. Adegbite, 877 F.2d 174, 178-79 (2d Cir.1989), and implicated no fourth amendment rights, see United States v. Notorianni, 729 F.2d 520, 522 (7th Cir.1984). Finding no merit to Stewart's argument, the judgment of the district court is affirmed.
 
 
 5
 AFFIRMED.